UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALFREDO VAZQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>CORSAIR MEMORY INC.,<br><br>Defendant. | Case No. 1:26-cv-00268-CDB<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDERS<br><br>ORDER CONTINUING APRIL 15, 2026, SCHEDULING CONFERENCE<br><br>(Doc. 4)<br><br>**7-Day Deadline** |

Plaintiff Luis Alfredo Vazquez ("Plaintiff") initiated this action with the filing of a class action complaint against Defendant Corsair Memory Inc., doing business as Corsair ("Defendant") on January 14, 2026. (Doc. 1). That same day, the Clerk of the Court issued summons for service upon Defendant and the Court entered an order setting a mandatory scheduling conference for April 15, 2026. (Docs. 3, 4). The Court's order directed Plaintiff to "diligently pursue service of summons and complaint" and "promptly file proofs of service," and separately, to file a joint scheduling report at least one week in advance of the scheduling conference (e.g., no later than yesterday, April 8, 2026). (Doc. 4 at 1, 2). The order further advised Plaintiff that failure to diligently prosecute this action "may result in the imposition of sanctions, including the dismissal of unserved defendants." *Id.*

1

Notwithstanding the Court's order, to date, Plaintiff has not filed proof of service and Defendant has not appeared in the action. Moreover, Plaintiff has failed to comply with the Court's order to timely file a joint scheduling statement, or any report explaining why Plaintiff has not complied with the Court's order to do so.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions…within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

In addition, Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant. *See also* Fed. R. Civ. P. 4(i) (serving the United States and its agencies, corporations, officers, or employees).

This is not the first time counsel for Plaintiff (Gerald D. Lane, Jr.) has failed to comply with the Court's orders regarding service and timely filing of a joint scheduling statement, prompting the Court to issue show cause orders in those actions similar to this order. *See Redick v. FAVO Capital Inc.*, No. 1:25-cv-00880-JLT-CDB (E.D. Cal., Doc. 4); *Redick v. On Time Capital LLC*, No. 1:25-cv-00928-JLT-CDB (E.D. Cal., Doc. 4). In both of those earlier cases, Mr. Lane attributed his failure to comply with the Court's orders to calendaring errors that he endeavored to remedy. *FAVO Capital Inc.* (Doc. 5); *On Time Capital LLC* (Doc. 6).

Because Mr. Lane continues to unnecessarily and unreasonably consume this Court's limited resources in attempting to gain his compliance with the Court's orders, the imposition of sanctions appears warranted.

///

///

2

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that within **seven (7) days** of entry of this order, Plaintiff SHALL show cause in writing why sanctions should not be imposed—including financial sanctions and dismissal of the unserved Defendant or this action in its entirety—for Plaintiff's failure to promptly serve the summons and complaint and to file a joint scheduling statement in compliance with the Court's order. The filing by Plaintiff of a summons returned executed demonstrating completion of service of process upon Defendant WILL NOT relieve Plaintiff of filing a written response to this order.

As Defendant has not filed a responsive pleading or otherwise appeared, to permit time for pleadings to settle, IT IS FURTHER ORDERED that the scheduling conference previously set for April 15, 2026 (Doc. 4) is CONTINUED to **May 19, 2026, at 9:30 AM**.

IT IS SO ORDERED.

Dated:    **April 9, 2026**    _____
UNITED STATES MAGISTRATE JUDGE

3