UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALFREDO VAZQUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CORSAIR MEMORY INC.,<br><br>Defendant. | Case No. 1:26-cv-00268-JLT-CDB<br><br>ORDER DISCHARGING APRIL 9, 2026, ORDER TO SHOW CAUSE<br><br>(Doc. 5)<br><br>ORDER DIRECTING CLERK OF THE COURT TO CLOSE CASE PURSUANT TO RULE 41(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(Doc. 7) |

Plaintiff Luis Alfredo Vazquez ("Plaintiff") initiated this action with the filing of a class action complaint against Defendant Corsair Memory Inc., doing business as Corsair ("Defendant") on January 14, 2026. (Doc. 1). That same day, the Clerk of the Court issued summons for service upon Defendant, and the Court entered an order setting a mandatory scheduling conference for April 15, 2026. (Docs. 3, 4). The Court's order directed Plaintiff to "diligently pursue service of summons and complaint" and "promptly file proofs of service," and separately, to file a joint scheduling report at least one week in advance of the scheduling conference (e.g., no later than yesterday, April 8, 2026). (Doc. 4 at 1, 2). The order further advised Plaintiff that failure to

diligently prosecute this action "may result in the imposition of sanctions, including the dismissal of unserved defendants." *Id*.

After Plaintiff failed to file proof of service of summons and complaint upon Defendant, on April 9, 2026, the Court ordered Plaintiff to show cause in writing why sanctions should not be imposed— including financial sanctions and dismissal of the unserved Defendant or this action in its entirety—for Plaintiff's failure to promptly serve the summons and complaint and to file a joint scheduling statement in compliance with the Court's order.  (Doc. 5).

**Discussion**

Pending before the Court is Plaintiff's response to the order to show cause and a notice of voluntary dismissal of the action without prejudice, filed on April 9, 2026.  (Docs. 6, 7).  Counsel for Plaintiff represents that the parties have reached an amicable resolution in this matter and Plaintiff finalized dismissal documents but that "[a]s a result of excusable neglect, Plaintiff's counsel believed that the Notice of Voluntary Dismissal had already been filed."  (Doc. 6 ¶ 4). Plaintiff requests the Court excuse any failures and allow Plaintiff to proceed with the filing of the notice of voluntary dismissal.  *Id*. ¶ 6.

In light of Plaintiff's representations in its prompt response to the Court's OSC, the Court concludes that counsel's conduct cited in the OSC is the result of excusable neglect.  *See In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007).  Accordingly, the Court will discharge its April 9, 2026, order to show cause (Doc. 5).

The notice of dismissal comports with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(i) and Plaintiff is entitled to dismiss the individual claims (at least) without court order.  In a class action, however, court approval of dismissal may be required under Rule 41(a)(2) if the class has been certified.  Specifically, Rule 23(e) provides that any claims arising out of either a (1) "certified class" or (2) "class *proposed to be certified for purposes of settlement* ... may be settled, voluntarily dismissed, or compromised only with the court's approval."  Fed. R. Civ. P. 23(e) (emphasis added).

In this case, Plaintiff seeks to dismiss all claims, including the claims of the putative class, without prejudice.  (Doc. 7).  No class has been certified in this action nor is there a class proposed

2

to be certified for purposes of any settlement.  Because no class has been certified in this case, and because any dismissal would not affect putative class members' possible claims, Rule 23(e) does not mandate either Court approval of the Plaintiff's dismissal of the action or notice to putative class members.  *See Titus v. BlueChip Financial*, 786 Fed. App'x 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only plaintiff before the court[.]") (unpublished) (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)).

In light of Plaintiff's filing, the Court finds that Rule 23(e) does not require the Court's approval of the dismissal.  This action shall be terminated by operation of law without further order of the Court.  *Comm. Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077-78 (9th Cir. 1999).

**Conclusion**

Accordingly, it is HEREBY ORDERED that:

1.  The Court's order to show cause (Doc. 5) is DISCHARGED; and

2.  The Clerk of the Court is HEREBY DIRECTED to terminate all dates and deadlines and to CLOSE the case and adjust the docket to reflect, pursuant to Rule 41(a)(1)(A)(i), dismissal of all claims asserted without prejudice.

IT IS SO ORDERED.

Dated:  **April 14, 2026**

_____
UNITED STATES MAGISTRATE JUDGE